Per Curiam.
The Peek ease is decisive of, this. See 8 N. Y. State Rep., 634. It was there held that where the return admitted the allegations of the petition, or was silent in respect to them, the case must be heard both upon the petition and the return. Here the return denies nothing and is silent as to the averments of the petition. That alleges that the relator was “ a member of the Department of Fire and Buildings of the City of Brooklyn, and that he held the position of kerosene inspector in said department.” The silence of the return requires us to take this allegation as true. It follows that section 14, of title 13, of the charter of 1813, which regulates the removal of “a member of the department” applies, and requires a hearing and conviction. The charter is consistent with the allegation of the petition, and does not make that allegation impossible consistently with the truth.
. The department is concerned with the prevention as well as the extinction of fires. It is authorized to control and regulate the storage of gunpowder and inflammable oils, and to appoint as many “officers” and “inspectors” as *667 the common council shall authorize. These, it was provided, should “at all times be under the control of said commissions and perform such duties as may be imposed upon them by the said commissioners.” An inspector of kerosene oil could, therefore, be a member of the fire department, under the control of its commissioners, and performing an essential part of its duties.
Taking the petition, therefore, as true, it was error to remove the relator without a hearing and conviction.
The orders of the general and special terms and of the Commissioners of Fire and Buildings removing the relator, should be reversed, with costs.
All concur.